Kirkpatrick C. J.
This was an action on the case in Salem Pleas. The declaration sets forth, that on the 18th of October 1809, one Bilderback, by his obligation sealed with his seal, bound himself to pay to Stout, the plaintiff in error, four months after date, the sum of 75 dollars ; that on the 27th of June 1810, * Stout assigned the said bill to Stevenson, the defendant in error, in these words, “ June 27th, 1810. I do sign all my right and title, interest and claim of this within note to William Stevenson, and guarantee the payment thereof. Joseph Stout,” of which assignment Stout then had notice; that on the 29th of March 1813, Stevenson demanded payment of Bilderback, which was refused, and that Stout, in consideration of the premises, having become liable, undertook to pay, &c. There is also another count for money lent and advanced. The defendant pleaded the general issue, and the cause was tried by a jury, and a verdict and judgment for the plaintiff. That judgment is now before this court on a writ of error.
*181
The principal error assigned, is that it appears by the record, that is by the first count on the declaration itself, that the said bill was endorsed, June 29, 1810, and no demand made on the maker, till March 29, 1813.
Before the statute making bonds assignable, &e. the assignee of a bond or bill, in a court of law, was considered only as the agent or attorney of the assignor to recover the money, with an equitable lien thereupon, to reimburse himself for what he had advanced upon the assignment; and if he made use of all that diligence for the recovery of it, which a faithful agent or attorney *206 ought to use, and the money were lost notwithstanding, was lost to the assignor, and that upon the strictest legal principles. Since the statute, the assignment passes the legal right, and bonds and bills are bought and sold like other personal property, and the buying and selling of them is governed by the same law.
A simple -assignment, therefore, subjects the assignor to no other responsibility than the simple sale of any other property; but if to the assignment he adds a warranty, or, as it is here expressed, guarantees the payment, in general terms, that warranty or guaranty is absolute and coextensive with the instrument itself. The warrantor becomes a surety for the payment at the day, if the instrument be assigned before it is payable; and on demand, if afterwards. Bonds and bills have no resemblance to promissory notes, nor is the assignment of these at all to be likened to the endorsement of those, or subjected to the same rules.
Besides, even before the statute, the only question, in these cases, between the assignor and the assignee was as to due diligence, which was always a question of fact, to be tried by the jury, and therefore however a misfinding might be corrected by granting a new trial, it never could be so by writ of error. (a)
But even if the first count in the declaration were faulty, the defendant can make no benefit of it in this way, for there is another count against which no objection is preceived; and by the statute relative to juries and verdicts, it is provided that where there are several counts in a declaration, some of which are bad and faulty, and others not, and entire damages are given then the verdict shall be good and effectual. (b) In every view of the case then, I think
The judgment must be affirmed.
*207 Southard J.
This is a case of assignment of a sealed bill; and the right of recovery rests on the warranty tained in the body of the assignment itself; without it, he could not recover; and he must rest upon its force and obligation. What then is it ? It is not, that the bill should be paid according to the rules of mercantile law. That, from the facts, was plainly impossible. It was not that it should be paid when it became duo. The day was already past. It is in its terms and must so be considered, a general warranty of payment when demanded ; an unwise one, it is true, but such as the assignor had a right to make and chose to make. If he chose to limit it as to time, he might have done it, but he has not so done, either in the assignment itself, or shewn it upon the record, I think the recovery right.
By the whole court. Let the judgment of the Common Pleas of Salem be affirmed.

 What is sufficient proof of due diligence. Mehelm vs. Barnet, Coxe 86. Disborough vs. Vanness, 3 Hal. 231. Washington Bank vs. King, 2 Gr. 45. Barkalow vs. Johnson, 1 Har. 397. Woodruff vs. Daggett, Spen. 526. Howland vs. Adrain, 1 Vr. 41. Moran vs. Green, 1 Zab. 562. Freeholders, &c., vs. Thomas, 5 C. E. Gr. 39.

 Harrison vs. Newkirk, Spen. 176. Browning vs. Skillman, 4 Zab. 352. Stewart vs. Fitch, 2 Vr. 17. Middleton vs. Quigley, 7 Hal. 352. See Farwell vs. Smith, 1 Har. 133. Potts vs. Clarke, Spen. 536. Gaskill vs. Overseer, &c., 7 Vr. 356.